**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | ) | Bankruptcy 19-24789 CMB |
| | ) | |
| **KEVIN DAVID TOLEJKO** | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| **PENNYMAC LOAN SERVICES, LLC,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **KEVIN DAVID TOLEJKO** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **JANESSA R. LEITH AND RONDA J. WINNECOUR, TRUSTEE** | ) | |
| | ) | |
| Additional Respondents. | ) | |

**DEBTOR'S AND CO-DEBTOR'S RESPONSE TO MOTION OF PENNYMAC LOAN SERVICES, LLC, FOR RELIEF FROM THE AUTOMATIC STAY AND THE CO-DEBTOR STAY**

And now comes the Respondent, hereinafter Debtor and Co-Debtor, by and through their attorneys Joseph P. Nigro, Esquire and Nigro and Associates, LLC and respectfully represent as follows:

1. The averments set forth in Paragraph 1 of the Movant's Motion are admitted.

2. The averments set forth in Paragraph 2 of the Movant's Motion are

3. The averments set forth in Paragraph 3 of the Movant's Motion is admitted to the extent that the averments refer to a document that speaks for itself.  To the extent the averments differ from the information set forth in said document the averments are denied.

4. The Debtor and Co-Debtor is without sufficient information and knowledge to form a belief as to the veracity of the information set forth in Paragraph 4 as to what the Movant has instituted or wishes to institute.  Therefore, the averments are denied.  By way of further response the Movant has granted the Debtor a forbearance on the payment of the mortgage. Attached is Exhibit "A".

5. The Debtor and C0-Debtor is without sufficient information and knowledge to form a belief as to the veracity of the information set forth in Paragraph 5 of the amount due on the Mortgage since a breakdown was not included with the Movant's Motion. Therefore, the averments are denied.

6. The averments set forth in Paragraph 6 of the Movant's Motion is admitted in part and denied in part.  I

7. The Debtor and C0-Debtor is without sufficient information and knowledge to form a belief as to the veracity of the information set forth in Paragraph 7 regarding the post-petition arrearage since a breakdown was not included with the Movant's Motion. Therefore, the averments are denied.

8. The averments set forth in Paragraph 8 of Movant's Motion is admitted. By way of further response the debtors had obtained an Order of Court to attach the monthly Plan Payments. The Order was signed by the Court on February 19, 2020. The Wage Attachment Order submitted the Order to the Employer on February 24, 2020.

9. The averments set forth in Paragraph 9 of the Movant's Motion is admitted. By way of further response the debtors had obtained an Order of Court to attach the monthly Plan Payments. The Order was submitted to the Employer.

10. The averments set forth in Paragraph 10 of the Movant's Motion are admitted. By way of further response the Fair Market Value is based on the value assigned by the Beaver County Board of Assessors.

11. The averments set forth in Paragraph 11 of the Movant's Motion represent conclusions of law for which a response is not required. To the extent a response is required the averments are denied.

12. The averments set forth in Paragraph 12 of the Movant's Motion represent conclusions of law for which a response is not required. To the extent a response is required the averments are denied.

13. The Debtor and C0-Debtor is without sufficient information and knowledge to form a belief as to the veracity of the information set forth in Paragraph 13 regarding the filing of a foreclosure action. Therefore, the averments are denied.

14. The averments set forth in Paragraph 14 of the Movant's Motion represents conclusions of law for which no response is required. To the extent a response is required the averments are denied.

15. The averments set forth in Paragraph 15 of the Movant's Motion represents conclusions of law for which no response is required. To the extent a response is required the averments are denied. By way of further response the Movant has granted the Debtor a forbearance.

16. The averments set forth in Paragraph 16 of the Movant's Motion represents conclusions of law for which no response is required. To the extent a response is required the averments are denied.

WHEREFORE, the Debtor hereby requests this Honorable Court to deny the Movant's Motion for Relief from Stay.

**AFFIRMATIVE DEFENSES**

17. Paragraphs 1 through 16 are hereby incorporated as though fully set forth herein.

18. The Debtor had obtained a Wage Attachment Order signed by the Court on February 19, 2020 to attach the Debtor's wages and to forward them to the Chapter 13 Trustee. The Order was sent to the Employer on February 24, 2020.

19. The Debtor had confirmed with the Employer that the Wage Attachment Order was received and would proceed to send the payments to the Chapter 13 Trustee. Despite said assurances the Employer failed to make the required monthly payments.

20. The Debtor will be amending its Chapter 13 Plan to make up for the arrearage.

21. The Debtor has sent a payment to the Chapter 13 Trustee on August 12, 2020.

22. On Friday, August 21, 2020 the Debtor received a letter from the Movant, granting the Debtor a mortgage forbearance. See Exhibit "A".

20. The Movant has failed to state a cause of action for which relief can be granted.

21. A payment has been sent to the Chapter 13 Trustee whenever the Debtor discovered that the Employer had not sent any payments.

**WHEREFORE**, Movants respectfully requests that this Court enter denying the Movant's Motion for Relief from Stay.

Respectfully submitted,

08/24/2020  /s/ Joseph P. Nigro
Date  JOSEPH P. NIGRO, ESQUIRE
  PA I.D. NO. 47810
  Attorney for the Debtor

  NIGRO & ASSOCIATES, LLC
  1330 Old Freeport Road, Suite 3BF
  Pittsburgh, PA 15238
  (412) 471-8118
  email:nigroj@verizon.net