UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:

KEVIN DAVID TOLEJKO            )
                               )   Case No. 19-24789-CMB
                               )
    Debtor.                    )
                               )
_____        )   Document No. _____
                               )
ASHLEY RIDGE HOMEOWNERS        )
ASSOCIATION                    )
                               )
    Movant,                    )
                               )
vs.                            )
                               )
KEVIN DAVID TOLEJKO, .         )
                               )
    Respondent                 )

## MOTION TO APPROVE POST-PETITION CLAIM/MOTION TO AMEND PLAN OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes the Movant, Ashley Ridge Homeowners Association (hereinafter "Ashley Ridge"), by and through their counsel, Fred C. Jug, Jr., and Brandt Milnes & Rea, P.C., who file the following Motion to Approve Post-Petition Claim/Motion to Amend Plan or in the Alternative Motion for Relief from the Automatic Stay, and in support thereof state the following;

### Background

1. According to the bankruptcy docket, the Debtor, Kevin David Tolejko, filed a voluntary Petition for Relief under Chapter 13.

2. The docket indicates that the sole Debtor is Kevin David Tolejko. The docket does not indicate that Janessa R. Tolejko also filed for Bankruptcy. The Lien which is the subject of this Motion involves property which is owned by the Debtor and Janessa R. Tolejko.

3. Attached hereto as Exhibit "A" and incorporated by reference herein is a copy of the Beaver County Assessment records. These records confirm that property located within the Ashley Ridge Homeowners Association is owned by Kevin D. Tolejko and Janessa R. Tolejko.

4. The bankruptcy docket confirms that Ashley Ridge Homeowners Association has not been listed as a Creditor in this case as they were not listed on the bankruptcy schedules in 2019 nor were they provided with notice of the bankruptcy. This appears to be because the obligation to Ashley Ridge was not delinquent when the Bankruptcy was filed. The Debtor and Janessa Tolejko stopped making payments to Ashley Ridge after the Bankruptcy Petition was filed.

5. Each Owner within the Association is subject to the terms and provisions of the Association governing documents and the applicable law in the Commonwealth of Pennsylvania.

6. Pursuant to 68 Pa. C.S. §5315, the Association has a lien on the Unit if fees and assessments are not paid when they come due. Section 5315 of the Act further provides that the lien of the Association may be foreclosed in like manner as a mortgage. In addition, the Association is entitled to recover interest, late fees and reasonable attorney fees and costs to collect delinquent assessments.

7. In this case, the Debtor and Janessa Tolejko are jointly liable for past due fees and assessments owed to the Ashley Ridge Homeowners Association. The account with the Association has become delinquent and neither the Debtor or Janessa R. Tolejko have made payments on this account for several years.

8. Attached hereto as Exhibit "B" is ledger of the account as of November 5, 2024, with a past due balance of $5,701.72.

9. Pursuant to 68 Pa. C.S. §5315(i), payments received are first applied to any interest, then to any late fee, and then to any costs and reasonable attorney fees before they are applied to the delinquent account.

10. Ashley Ridge is a secured Creditor of the Debtor.

11. The lien of Ashley Ridge is increasing as a result of the Debtor and Janessa Tolejko failing to make post-petition payments as the post-petition obligations have come due.

12. Attached hereto at Exhibit C is a copy of a Judgment which was entered for some of the past due fees. This Judgment has not been satisfied. Ashley Ridge has a statutory lien as established by 68 Pa. C.S. §5315 of the Planned Community Act of Pennsylvania.

13. Cause exists under §362(d)(1) of the Code to grant Ashley Ridge relief from the automatic stay, as the debt is a post-petition obligation and no efforts have been made to satisfy the obligation.

14. Debtor, Kevin D. Tolejko and Janessa R. Tolejko are jointly liable for this obligation as co-owners of the property. Janessa R. Tolejko had previously indicated that a modification to the bankruptcy plan would be filed and also disputed the debt on the basis of Chapter 13 Bankruptcy Protection since the above case was filed in 2019. At issue in this matter are post-petition obligations which have not been paid rather than pre-petition fees. As a result, Ashley Ridge should be granted relief from stay to collect this obligation pursuant to the provisions of 68 Pa. C.S. 5315. Alternatively, the delinquency should be resolved through an amendment to the plan.

15. As Ashley Ridge has secured a lien on the property, the Movant, Ashley Ridge Homeowners Association, respectfully requests this Honorable Court to Order the Plan to be amended to satisfy the debt owed to Ashley Ridge.

16. On September 10, 2024, a Notice of Intention to Pay Claims was filed with the Bankruptcy Court. A copy of the Notice which was filed on September 10, 2024 is attached hereto as Exhibit "D." Ashley Ridge Homeowners Association was not included on the list of Claims which were intended to be paid nor does the Notice indicate the obligation to Ashley Ridge be paid by the Plan.

17. Attached hereto as Exhibit "E" is a letter from the Debtor and Janessa Tolejko which sets forth their position that they have been under Bankruptcy Protection "since December 2019." Their letter also questions whether invoices were sent since 2022. Pursuant to Section 5315 of the Act the Association has a statutory Lien if the obligation is not paid when due and the ledger attached hereto as Exhibit "B" confirm no payments have been made in 2021 or thereafter.

18. Based on the above, the Movant, Ashley Ridge Homeowners Association, respectfully requests this Honorable Court to either Order the Plan be amended so that the obligation owed to Ashley Ridge are satisfied through the Plan Payments or in the alternative find that cause exists under §362(d)(1) of the Code to grant Ashley Ridge relief from the automatic stay.

A proposed Order is attached.

                                Respectfully submitted,

                                /s/ Fred C. Jug, Jr.
                                Fred C. Jug, Jr., Esquire
                                Pa. I.D. #58285
                                Brandt, Milnes & Rea
                                310 Grant Street, Suite 1109
                                Pittsburgh, PA 15219
                                412-255-6500
                                Attorney for Creditor,
                                Ashley Ridge Homeowners Association

Dated: January 14, 2025

## UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN DAVID TOLEJKO ) | |
| ) | Case No. 19-24789-CMB |
| Debtor. ) | |
| ) | Document No. _____ |
| ASHLEY RIDGE HOMEOWNERS ) | |
| ASSOCIATION ) | |
| Movant, ) | |
| vs. ) | |
| KEVIN DAVID TOLEJKO, . ) | |
| Respondent ) | |

## CERTIFICATE OF SERVICE

I, Fred C. Jug, Jr., Esquire, hereby certify that a true and correct copy of the *MOTION TO APPROVE POST-PETITION CLAIM/MOTION TO AMEND PLAN OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM THE AUTOMATIC STAY*, was served this 14th day of January, 2025, by e-mail upon the following:

> Joseph Peter Nigro, Esquire
> Nigro & Associates, LLC
> 1330 Old Freeport Road
> Pittsburgh, PA  15238

Kevin & Janessa Tolejko
107 Jodi Drive
Beaver, PA  15009

Respectfully Submitted,

Brandt, Milnes & Rea, P.C.

_/s/ Fred C. Jug, Jr._
Fred C. Jug, Jr., Esquire
Counsel for Plaintiff
Pa. I.D. No. 58285
310 Grant Street, Suite 1109
Pittsburgh, PA  15219
(412) 255-6500
(412) 255-6504 (fax)